RYAN, Circuit Judge.
The petitioner, Benjamin Frank Dosa, seeks review of a final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge’s (IJ) denial of Dosa’s claims for asylum, withholding of removal under the Immigration and Nationality Act, and withholding under the United Nations Convention Against Torture. The IJ found Dosa to be an “inherently incredible person,” denied his application, and ordered him removed. For the reasons set forth below, we deny Dosa’s petition for review.
I.
Dosa claims to be a college educated political activist from Togo, an African nation ruled by the dictator Eyadema, from 1967 until his death in February 2005. Dosa claims he was a member of the political party, Union Forces for Change (UFC), and that his political activities in support of democracy resulted in his imprisonment by the government and severe beatings on two separate occasions.
Dosa testified that he was arrested in Togo on May 20, 1994, after giving a speech on behalf of the UFC. He says that while imprisoned for ten days he was beaten and tortured and upon release was forced to sign a document pledging to discontinue his involvement with the UFC. Dosa claims that while he was acting as an election observer for the UFC on June 21, 1998, Eyadema’s officers stormed the polling place where he was working and replaced legitimate ballots with fraudulent ones. Before Dosa could report the incident, he was imprisoned, beaten, and told he was going to die. He testified that with the help of some UFC party members, who bribed a sympathetic army colonel, he escaped on July 2, 1998. Dosa says he fled Togo, flew from Benin to Canada via Brussels, and was smuggled into the United States at Buffalo, New York.
Dosa applied for asylum on October 18, 1998, claiming he would be persecuted if he returned to Togo. His application was denied. He was then placed in removal proceedings, where he conceded removability and applied for asylum, withholding of removal, and voluntary departure. *676 Dosa later submitted a supplemental application, and on April 11, 2002, following a merits hearing, the IJ found Dosa’s story unbelievable, and denied his application.
Dosa filed a timely appeal with the BIA, which affirmed the IJ’s decision without opinion. Dosa then filed a pro se petition for review and a motion for stay of removal with this court. A stay was granted on December 4, 2003.
II.
When the BIA affirms without opinion, we review the IJ’s decision as the final administrative order. Yu v. Ashcroft, 364 F.3d 700, 702 (6th Cir.2004). When an IJ makes a credibility determination adverse to a petitioner, we review that determination for “substantial evidence,” id., reversing only if “any reasonable adjudicator would be compelled to conclude to the contrary,” 8 U.S.C. § 1252(b)(4)(B). Under this highly deferential standard of review, we have rarely disturbed an IJ’s denial of asylum based upon a finding that the petitioner’s testimony is unworthy of belief, particularly when his or her credibility goes to the heart of the claim. Sylla v. INS, 388 F.3d 924, 926 (6th Cir.2004).
Dosa contends that the IJ’s adverse credibility finding was not substantiated, in that the IJ focused on immaterial, minor discrepancies between Dosa’s testimony and the information he provided in his application for asylum. Therefore, Dosa argues, the IJ’s adverse credibility determination does not go to the heart of his claim. We do not agree.
The IJ identified several inconsistencies between Dosa’s testimony and his application papers, two of which the IJ highlighted. The IJ found, first, that Dosa’s testimony regarding the names and number of persons arrested with him in 1994 was inconsistent with the information supplied in his application for asylum. The application listed the names of three persons. When Dosa testified, he named three individuals, one of whom was a person not named in the application. According to the IJ, it was only in response to leading questions from Dosa’s counsel that he supplied the correct name of the third person listed on the application. The IJ immediately brought this inconsistency to Dosa’s attention and asked why Dosa’s counsel had to provide Dosa with the correct name. Dosa failed to reconcile the inconsistency and offered only that the stress of testifying caused the miscue. The IJ found that Dosa’s failure to adequately explain this inconsistency, taken together with the importance to his claim of the details of his arrest and imprisonment, was an important indication that Dosa’s testimony was not credible. We cannot say that this conclusion by the IJ was based upon a minor or immaterial matter, or that any reasonable adjudicator would be compelled to find Dosa credible. See Singh v. Ashcroft, 398 F.3d 396, 402-03 (6th Cir.2005).
The IJ also noted that Dosa testified that an army colonel had allegedly been bribed so that Dosa could escape from prison in 1998, but that this rather dramatic fact was not mentioned in Dosa’s application papers. The IJ concluded that if an army colonel had actually been bribed and the bribery was critical to Dosa’s escape, as Dosa said it was, he surely would have mentioned it in his application papers. The IJ found that Dosa’s testimony regarding the army colonel was fabricated.
The IJ was justified in finding that the inconsistency between Dosa’s application papers and his testimony concerning the alleged bribery as critical to the alleged escape, was material to Dosa’s story and warranted the finding that Dosa’s testimony was not credible.
Although some of the inconsistencies between Dosa’s testimony and the informa *677 tion provided or not provided in his application papers are minor, there are also several inconsistencies, in addition to the two material inconsistencies that we have discussed. They are thoroughly discussed in the IJ’s detailed and well organized bench opinion, and we need not repeat them here. The point is that the cumulative effect of the many inconsistencies in Dosa’s story strongly supports the IJ’s determination that Dosa’s testimony, taken as a whole, was unworthy of belief. See Yu, 364 F.3d at 703-04.
The IJ also found that Dosa failed to corroborate his decidedly dubious story of imprisonment, torture, and escape with documentary evidence that was available to him or with the testimony of those including some of his relatives who were available to testify and who would have had personal knowledge of many parts of Dosa’s story. The IJ explained that after watching Dosa testify and listening carefully to his uncorroborated story, and taking into account the several inconsistencies between Dosa’s application papers and his testimony and within the testimony, he concluded that Dosa concocted much of the story he related under oath. The IJ found Dosa to be “an inherently incredible person.”
We are in no position to secondguess the IJ’s fully explicated finding that Dosa’s testimony was unworthy of belief, and we, therefore, decline to disturb it. The record provides substantial evidence to support the IJ’s finding that Dosa was “an inherently incredible person.”
Finally, Dosa’s assertion that the BIA improperly applied its summary affirmance without opinion procedure in this case is without merit. Denko v. INS, 351 F.3d 717, 731-32 (6th Cir.2003).
III.
For the aforementioned reasons, the petition is DENIED.